**In the Matter of Jason RITTER, a Child Alleged to be a Delinquent Child, Respondent–Appellant,**

v.

**BARTHOLOMEW COUNTY DEPARTMENT OF PUBLIC WELFARE, Petitioner–Appellee.**

**No. 03A01–9007–JV–312.**

Court of Appeals of Indiana, First District.

Dec. 20, 1990.

Richard T. Eppard, Columbus, for respondent-appellant.

Donald A. Dickherber, Lawson, Pushor, Mote & Coriden, Columbus, for petitioner-appellee.

BAKER, Judge.

Respondent-appellant, Terry Ritter (Ritter), appeals a finding of contempt entered against him. He asks this court to determine whether the trial court abused its discretion by finding him in contempt of court for failing to pay petitioner-appellee, the Bartholomew County Department of

Public Welfare (the Department), an amount of court-ordered support on behalf of his minor son, Jason. We affirm.

As a result of a dispositional hearing regarding his status as a delinquent child, Jason was sent to live at the Children's Home. The trial court made Jason a ward of the Department and directed Ritter to pay support of $200 per month to cover the Department's expenses in housing Jason at the Children's Home. Ritter's sole source of income was Social Security disability benefits he received for himself and Jason. After Ritter failed to pay the support as ordered, the Department filed two separate contempt citations upon which the trial court issued a rule to show cause.

At the hearing on the first rule to show cause, the trial court ordered Ritter to pay $800 in arrears and $75 in attorney fees. By the second hearing, held two months later, Ritter had paid only $5 toward the arrearage. The trial court found him in contempt of court and sentenced him to 15 days in jail with the opportunity to purge himself of the contempt by paying the arrearage, the attorney fees, and a bond fee. Ritter appeals the finding of contempt.

## DISCUSSION AND DECISION

The sole argument Ritter raises on appeal is that he was financially unable to comply with the trial court's order to pay the arrearage. The record reflects that Ritter had a total monthly income of $895 in Social Security disability benefits. He received $595 for himself and $300 for Jason. Ritter points out that after he paid $369 per month in rent, he was left with only $226 per month to satisfy all of his financial needs. This assumes that Ritter gave Jason the entire $300 designated for him from the Social Security benefits.

Indiana recognizes that Social Security disability benefits paid to a contributing parent on behalf of a dependent are

the proper subject of child support orders.[1] *Patrick v. Patrick* (1988), Ind.App., 517 N.E.2d 1234. Jason's Social Security benefits are paid directly to Ritter to be used for Jason's care. Rather than giving the money directly to Jason, Ritter could have used the benefits to satisfy his obligations under the court's order. Ritter still would have retained $100 to be used in addition to his own benefits for expenses such as rent and utilities that needed to be maintained during Jason's stay in the Children's Home. We cannot find any abuse of discretion in the trial court ordering Ritter to pay two-thirds of Jason's Social Security benefits to support his care in the Children's Home.

Judgment affirmed.

RATLIFF, C.J., and MILLER, P.J., concur.

---

**1.** It is on this basis that the case at bar differs from this court's recent decision in *Esteb v. Enright* (1990), Ind.App., 563 N.E.2d 139. In *Esteb*, this court reversed a contempt finding entered against a parent for failing to pay child support. The contributing parent in *Esteb* was the recipient of Supplemental Security Income (SSI) which is income designed to maintain a minimum subsistence level. Distinguishing Social Security disability benefits from SSI, this court found that as a matter of law, the contributing parent did not have the means to satisfy his child support obligations out of his minimum subsistence income.