Jackie Smithson TALARICO,
Appellant–Petitioner,

v.

Rodney K. SMITHSON, Sr.,
Appellee–Respondent.

No. 02A03–9011–CV–490.

Court of Appeals of Indiana,
Third District.

Oct. 22, 1991.

Martin D. Hillery, Deputy Pros. Atty., Fort Wayne, for appellant-petitioner.

John M. Haecker, Fort Wayne, for appellee-respondent.

GARRARD, Judge.

This appeal concerns a modification of child support which does not follow the support guidelines established in Indiana.

The facts supporting the trial court's judgment reveal that on January 20, 1980, Jackie Talarico (Talarico) and Rodney Smithson (Smithson) were divorced. Talarico was awarded physical custody of their two minor children. At that time, Smithson was ordered to pay support in the amount of $50.00 per week in addition to the social security benefits the children received due to their father's disability. In 1981, Talarico began receiving, on behalf of her children, monthly benefits from Smithson's veteran's pension which the original support order did not address.

On January 10, 1989, Talarico filed her first petition alleging that Smithson was not paying the child support order of $50.00 per week. On June 16, 1990, Talarico again petitioned the trial court alleging that Smithson's support payments were in arrears. At this time, Talarico also petitioned the trial court to modify the original support order. On June 20, 1990, the trial court found a substantial and continuing change of circumstances that rendered the original support order unreasonable. The trial court modified Smithson's support obligation when it ordered Smithson to pay the sum of $145.00 per month in addition to

the Veteran's Administration (V.A.) and social security benefits currently being received by his children.

On July 12, 1990, Talarico filed a motion to correct errors alleging that the trial court failed to provide a written explanation of its reasons justifying deviation from the Indiana Child Support Guidelines (guidelines). On July 13, 1990, the trial court remedied this deficiency by entering an order articulating its factual basis for deviating from the guidelines.

Talarico appeals and raises two issues for our review:

I. Whether the trial court's modification of the original support order was supported with a writing articulating factual circumstances sufficient to support its deviation from the guidelines.

II. Whether the trial court abused its discretion when it declined to make the modification of the original support order retroactive to the date the petition to modify was filed.

### Discussion and Decision

▪ Talarico contends that the factual circumstances articulated by the trial court are not sufficient to support its decision awarding a lower amount of child support than presumed by the guidelines. The guidelines, which became effective October 1, 1989, provide a rebuttable presumption that the amount of the award which results from the application of the guidelines is the correct amount of child support to be awarded. Child Supp.G. 2; *Gielsdorf–Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277.

At the modification hearing, the trial court determined Smithson's gross weekly available income to be $447.16 and imputed $150.00 gross weekly available income to Talarico. The guidelines presume that the basic child support obligation for parties with a combined gross weekly available income of $597.16 with two children will be $156.00 per week. By dividing each parent's gross weekly available income into the combined gross weekly available in-

come, the trial court assessed Smithson's percentage of share income at 74.8% and Talarico's at 25.2%. In order to compute each parent's child support obligation, the trial court multiplied the percentage of share income by the basic child support obligation provided in the schedule. Smithson's child support obligation was determined to be $116.68 and Talarico's $39.31 per week. Therefore, the amount of support Smithson was required to pay each month in child support as required by the guidelines' schedule was approximately $505.61.[1]

However, when the trial court modified the original support order, it ordered Smithson to pay support in the amount of $145.00 per month for child support. The trial court also ordered that the children continue to receive the V.A. and social security benefits. At the time of the modification hearing, the V.A. benefits for the children were $77.00 per month and the social security benefits were $176.00 per month. Therefore, the trial court awarded only $398.00 per month in support and benefits at the modification hearing.

Trial courts must avoid the pitfall of blind adherence to the computation for support without giving careful consideration to the variables that require a flexible application of the guidelines. However, when a trial court chooses to deviate from the guidelines, it must articulate a sufficient basis to do so. If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion. Child Supp.G. 3; *In the Matter of Paternity of Humphrey* (1990), Ind.App., 561 N.E.2d 502, 503. These findings need not be especially formal. They must, however, set forth the trial court's reason for deviating from the guidelines' amount so that as a reviewing court we may know the basis for the court's decision. In an order entered on July 13, 1990, the trial court stated, "that the unique situation involving V.A. and So-

cial Security benefits is a sufficient basis to rebut the presumption in favor of the guidelines."

■ We disagree with the trial court. There are an infinite number of situations that may prompt a trial court to deviate from the guidelines' amount. For illustration only, and not as an exhaustive list, the guideline comments list several examples which include: noncustodial parent provides child care, purchases school clothes or has extraordinary medical expenses for his or her own self. However, the trial court's reasoning in Smithson's and Talarico's case does not demonstrate how the application of the guidelines amount would be unjust, unreasonable, or inappropriate. The trial court's reasoning merely asserts without elucidation that "unique circumstances" existed. Furthermore, we find that the reference to the V.A. and social security benefits cannot provide an adequate explanation for deviating from the presumptive amount because when we consider the $145.00 per month Smithson is ordered to pay, along with the V.A. and social security benefits, the trial court's modification is still $107.22 less than the presumptive amount in the guidelines.

■ Talarico next contends that the trial court erred when it failed to make the modification of her support payments retroactive to the date the petition to modify was filed, June 16, 1989. A trial court has discretion to order modification of child support effective as of the date the petition to modify is filed. *Kruse v. Kruse* (1984), Ind.App., 464 N.E.2d 934, 939; *In re Marriage of Wiley* (1983), Ind.App., 444 N.E.2d 315, 319. Yet it is to be remembered that court ordered modifications normally speak only prospectively.

The only argument that Talarico presents on the issue of abuse is that the trial court's decision not to make the modification award retroactive rewarded Smithson for his delay. Allowing trial courts discretion in making the modification of child support effective as of the date the petition is filed may serve to avoid dilatory

---

**1.** We arrived at this figure by multiplying $116.68 by 52 and dividing the result by 12.

tactics. We will not condone the use of such tactics, nor will we provide the means by which they may be effected. *Smith v. Mobley* (1990), Ind.App., 561 N.E.2d 504, 508.

However, we find that Talarico failed to show an abuse of discretion. Abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of facts and circumstances before the court or reasonable, probable and actual deductions to be drawn therefrom, or when it is contrary to law. *Halum v. Halum* (1986), Ind.App., 492 N.E.2d 30, 32. Talarico asserts that Smithson delayed the hearing on the modification of child support by requesting continuances and failing to timely answer her discovery requests. However, we cannot conclude that the trial court's decision granting Smithson's two requests for continuances and an extension of time in order to answer Talarico's request for admissions necessitated a determination that he unduly delayed the proceedings. Accordingly, there has been no abuse of discretion shown.

We reverse and remand this cause to the trial court for further proceedings consistent with this opinion.

HOFFMAN, P.J., and STATON, J., concur.