**In re the Marriage of Doris D. POYNTER, Appellant–Respondent,**

**v.**

**Bobby D. POYNTER, Appellee–Petitioner.**

No. 33A05–9110–CV–350.[1]

Court of Appeals of Indiana, First District.

April 14, 1992.

Rehearing Denied June 1, 1992.

1. This case was transferred to this office by order of the Chief Judge on March 26, 1992.

Linley E. Pearson, Atty. Gen., Leneigha L. Downs, Deputy Atty. Gen., Indianapolis, for appellant-respondent.

William David Neal, New Castle, for appellee-petitioner.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Doris D. Poynter appeals the modification of child support. We affirm in part, reverse in part, and remand.

## ISSUES

1. Did the trial court err by subtracting social security disability benefits payable to the children from the total support obligation of both parents before allocating support to each?

2. Did the court abuse its discretion by not making the effective date of the modified support order the date the modification petition was filed?

3. Did the court abuse its discretion by phasing in the increased support?

4. Did the trial court err in disregarding Bobby's agreement to pay $200 increased child support and an agreed order for $150 increased support?

## FACTS

The Henry Circuit Court dissolved the marriage of Doris and Bobby in 1983. Doris was awarded custody of the two children. Bobby was ordered to pay fifty dollars per week in child support. Doris and the children later moved to Kentucky. On March 19, 1991, Doris filed a petition pursuant to the Uniform Reciprocal Enforcement of Support Act ("URESA") in the Henry Circuit Court, seeking an increase in child support. After a hearing, the court ordered modification phasing in the increase in support.

The court determined that Bobby's weekly gross income was $730 and that Doris received social security disability benefits of approximately $110 per week. Additionally, the court observed that the children received $61.86 per week in social security disability benefits. The court applied the Indiana Child Support Guidelines to determine the proper amount of child support. The court computed the total cost of child support to be $200 per week. The court then reduced the total amount by the $61.86 in benefits the children received for Doris's disability. The court proceeded to allocate the obligation of the reduced amount of total support of $138.14 between the parties, 86% to Bobby and 14% to Doris. Also, the court decided to phase in Bobby's support obligation over a period of two months. The court established the effective date of the modified support as the

date of the modified order, and not the date of the filing of the modification petition. Other relevant facts will be presented in our discussion of the issues.

## DISCUSSION AND DECISION

*Issue One*

Doris complains that the trial court should not have reduced the total support obligation of $200 by the $61.86 of benefits the children received. Doris contends that the children received the benefits because of Doris's disability; and therefore, the amount constitutes support furnished by her. She argues the court should have allocated Bobby's 86% obligation to the $200 total amount. Bobby then would be required to pay $172 per week. We note that Doris's contention barely approaches the cogent argument required by Ind. Appellate Rule 8.3(A)(7) and that she fails to support her argument with any citation to authority. Nevertheless, we are able to discern the crux of Doris's contention and address the issue.

Doris essentially argues that social security disability benefits that the children receive due to her disability should be credited solely as support supplied by her and should not be used to reduce the total support obligation that is allocated between both parents. Our research has uncovered only three Indiana cases dealing with social security disability benefits in child support cases. *See Dorgan v. Dorgan* (1991), Ind. App., 571 N.E.2d 325; *Ritter v. Bartholomew County Department of Public Welfare* (1990), Ind.App., 564 N.E.2d 329; *Patrick v. Patrick* (1988), Ind.App., 517 N.E.2d 1234. In these three cases, the trial court applied social security disability benefits for the children as support payments on behalf of the disabled parents. In these cases, the parties accepted the trial court's allocation of the credit on the disabled parent's behalf and did not appeal the same

question presented here. Because Indiana has not previously addressed this question, we look to other states for guidance.

█ A majority of states have held that a parent is entitled to credit on child support payments for social security disability benefits paid to the children due to that parent's disability. *See* Annotation, "Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child", 77 A.L.R.3d 1315 (1977 & Supp. 1991) (lists of cases). The rationale is that the social security benefits are not gratuities but are earned, and they substitute for lost earning power because of the disability. *Id.* at 1319.[2]

Subsequent to the adoption of state child support guidelines mandated by federal law,[3] several states have reaffirmed the rule of crediting the disabled parent's support obligation for social security disability benefits paid to the child. *See Childerson v. Hess* (1990), 198 Ill.App.3d 395, 144 Ill. Dec. 551, 555 N.E.2d 1070; *Newman v. Newman* (1990), Iowa, 451 N.W.2d 843; *Hanthorn v. Hanthorn* (1990), 236 Neb. 225, 460 N.W.2d 650; *Hawkins v. Peterson* (1991), S.D., 474 N.W.2d 90; *Hinckley v. Hinckley* (1991), Wyo., 812 P.2d 907. Following the majority rule of other jurisdictions, we hold that the disabled parent is entitled to have child support obligations credited with the social security disability benefits received by the child because of that parent's disability.

█ Applying the rule to this case, we find that the trial court erred in reducing the total support obligation of both parents before determining the share of each. The trial court should have figured Bobby's support obligation by computing 86% of $200. Doris's obligation of 14% of $200 then should have been credited by the $61.86 of social security disability benefits the children received because of her disability. Therefore, we reverse and remand for

**2.** Some states refuse to grant an automatic credit, but condition crediting the benefits as support upon the parent seeking modification of the support decree. *In the Matter of Estate of Patterson* (1991), App., 167 Ariz. 168, 805 P.2d 401; *Burnham v. Burnham* (1987), Mo.App., 743 S.W.2d 568; *Guthmiller v. Guthmiller* (1989), N.D., 448 N.W.2d 643; and *Chase v. Chase* (1968), 74 Wash.2d 253, 444 P.2d 145.

**3.** *Guidelines for Setting Child Support Awards,* 45 C.F.R. Ch. III § 302.56 (Supp.1991).

the trial court to amend its modification order accordingly.

*Issue Two*

■ Doris contends the court erred by not modifying support retroactively to the date the petition was filed. A trial court may make modification of support payments effective as of any date after the filing of the petition. *Smith v. Mobley* (1990), Ind.App., 561 N.E.2d 504, 508, *trans. denied.* Relying upon *Smith,* Doris argues the court should have made the modification effective as of the date of the filing of the petition. In *Smith,* the appellate court found abuse in the trial court's failure to *reduce* support retroactively where the petitioner showed that she had been unemployed and could not pay the original support amount.

■ Conversely, Doris is seeking retroactive modification of *increased* support. We find the present case more similar to *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671. In *Talarico,* no abuse of discretion occurred when the court did not order modification retroactive to the date of the filing of the petition despite the respondent's two requests for continuances and an extension to answer a request for admissions. *Id.* at 674. The purpose of allowing retroactive modification is to avoid encouragement of dilatory practices and further the purposes of the changed circumstances rule. *Smith,* 561 N.E.2d at 508. In *Talarico,* the court held that the respondent's actions did not unduly delay the proceedings, so the court refused to find an abuse of the trial court's discretion. *Talarico,* 579 N.E.2d at 674. Here, the record does not reflect, nor does Doris contend, that Bobby engaged in any dilatory tactics during the support modification proceedings. As in *Talarico,* we do not find that the trial court abused its discretion in ordering the modification effective as of the date of the modification order.

*Issue Three*

■ Next, Doris argues that the trial court abused its discretion in phasing in the modified support payments. The trial court ordered Bobby to pay $90 per week from May 3, 1991 through June 30, 1991 and then $119 per week commencing July 1, 1991. The court reasoned that since the increase in support was more than double the prior support obligation, the phase-in was reasonable pursuant to the guidelines. Record at 40. The commentary to Ind. Child Support Guideline 1 provides:

> "Some courts may find it desirable in modification proceedings to gradually implement the Guideline order over a period of time, especially where support computed under the Guideline is considerably higher than the amount previously paid under the court's former system of establishing support."

The commentary further adds that a judge's rationale for doing so should be explained within the modification order. The Henry Circuit Court abided by the guidelines and clearly specified his reason for the phase-in. Bobby's court-ordered support rose from $50 to $119 per week. We do not find the trial court abused its discretion in gradually implementing the increased support payments. However, on remand, the trial court should consider whether to adjust the amount of phased-in support in light of our disposition of *Issue One.*

*Issue Four*

■ Lastly, Doris argues that the court should have considered the evidence of prior negotiated modification agreements between Doris and Bobby. Doris points to an agreed order entered in Kentucky in 1990, in which Bobby agreed to pay $150 per week for child support. Doris also argues that Bobby later agreed in writing to pay $200 every two weeks. Record at 31. Doris again fails to cite any authority which would require the trial court to give these documents any weight in deciding the proper amount of child support. We find no error.

Affirmed in part, reversed in part, and remanded.

BARTEAU and ROBERTSON, JJ., concur.