**Billy STULTZ, Appellant**
**(Petitioner below),**

v.

**Marikay STULTZ, Appellee**
**(Respondent below).**

**No. 54S01–9503–CV–380.**

Supreme Court of Indiana.

Dec. 28, 1995.

Donald G. Thompson, Crawfordsville, for appellant.

Margret G. Robb, Margret G. Robb & Associates, Lafayette, for appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

A non-custodial parent appeals the trial court's refusal to offset his child support obligation by the amount of Social Security retirement benefits paid directly to his children as a result of his retirement. We conclude that the trial court's decision was not clearly erroneous and, therefore, the non-custodial parent is not entitled to a credit.

### Facts

Billy and Marikay Stultz were divorced on October 30, 1991. Pursuant to the Dissolution Decree, Mr. Stultz was ordered to pay child support in the amount of $261.00 per week. On December 31, 1993, Mr. Stultz filed a Petition to Modify Decree asking the trial court to modify his child support obligation to reflect his recent retirement as well as the Social Security payments of $425 per month paid directly to each of the children commencing upon his retirement.

On February 16, 1994, the Montgomery Circuit Court held an evidentiary hearing and on March 31 it entered its Special Findings of Fact, Conclusions and Judgment Modifying the Dissolution Decree. The court determined Mr. Stultz's weekly gross income for 1994 to be $1383 and then beginning with the calendar year 1995, his weekly gross income would be reduced to $560. Based on these figures, the court determined Mr. Stultz's child support obligation to be $323 per week for 1994 and $158 per week beginning in 1995.[1] Each of the two Stultz children received $425 per month in Social Security retirement benefits as a result of Mr. Stultz's retirement in 1994. The court specifically concluded that Mr. Stultz was not entitled to a credit against his child support obligation in the amount of the Social Security benefits being paid directly to the children. The Court of Appeals reversed the trial court's decision. Following *Poynter v. Poynter*, (1992), Ind.App., 590 N.E.2d 150, *trans. denied*, it held that a parent subject to a child support obligation is always entitled to a credit against that obligation for any Social Security benefits received by that parent's child or children as a result of that parent's retirement. *Stultz v. Stultz* (1994), Ind.App., 644 N.E.2d 589. It appears to us that the effect of such a credit in this case would be to reduce Mr. Stultz's weekly child support payments in 1994 from $323 to $127 and in 1995 and thereafter from $158 to zero.[2] Mrs. Stultz seeks transfer.

---

1. Mrs. Stultz's gross income for all relevant periods was found to be $385 per week. Also relevant to the calculations were (1) health insurance coverage of $36 per week paid by Mr. Stultz and (2) work related child care of $69 per week paid by Mrs. Stultz.

2. Because of the reliance by the Court of Appeals on *Poynter*, we have made these calculations using the methodology adopted in *Poynter, i.e.,* a dollar-for-dollar offset of Mr. Stultz's child support obligation. 590 N.E.2d at 152. This methodology does *not* consider the social security benefits payable to the children to be part of the parent's in question adjusted income. However, in those situations where the trial court concludes that it is appropriate to give a Social Security recipient parent credit for Social Security benefits paid directly to a child, the trial court should in fact include the amount of the benefits in the recipient parent's adjusted income

## I

■ In his conclusions of law in the trial court, Judge Milligan extensively analyzed the question at issue here:

2. The primary issue to be determined by the court is whether the respondent [Mr. Stultz] is entitled to a credit against his child support obligation for the amount of the social security retirement benefits that the petitioner [Mrs. Stultz] receives on behalf of the children.

3. The court finds that the nature of the social security retirement benefits must be clarified to resolve this issue. The social security retirement benefits are the result of the respondent's being employed and his employment history. They are a product of contributions made over the years by the retiree and by his employer. The retirement benefits received by the children are not income to nor are they income of the retiree but they are benefits which were earned by him. Such benefits are not a means-tested public assistance that should be protected in any way from consideration in the fixing of the support obligation. The court also finds that such benefits are made available to the children at no purchase cost to the retiree. They became available, assuming a certain base level contribution by the retiree and his employer, no matter how many or how few children and they would not be available if there were no children. So there is nothing about those benefits that was purchased by the retiree. However, the retiree is providing those benefits by virtue of his employment history and his retirement.

4. The court finds that the controlling law is found in I.C. 31–1–11.5–12(a) which requires the court to consider among other things: (1) the financial resources of the custodial parent; (2) the standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered; (3) the physical or mental condition of the child and the child's educational needs; (4) the financial resources and needs of the non-custodial parent.

5. The above-mentioned statutory consideration the court feels controls the answer in this case is the standard of living the children would have enjoyed had the marriage not been dissolved.

6. In this case if the marriage had not been dissolved the children would have enjoyed the benefit of all of the respondent's income plus the retirement, plus the social security retirement benefits they received, plus the petitioner's income.

7. Therefore the court finds the respondent should not be given credit against his social security retirement benefits received on behalf of the children.

■ The Court of Appeals rejected this analysis, finding *Poynter* controlling. In that case, the trial court had reduced the total child support obligation by the amount of the custodial parent's social security disability benefits. Because the total obligation had been reduced, the non-custodial parent's payment obligation was reduced.[3] The Court of Appeals reversed, holding that it was error to reduce the total child support obligation. *Poynter*, 590 N.E.2d at 152. The *Poynter* court went on to say that "the disabled parent is entitled to have child support obligations credited with the social security disability benefits received by the child because of that parent's disability." *Id.* In reaching its conclusion, the court noted that a majority

---

for purposes of calculating the parents' relative share of the total child support obligation.

**3.** In *Poynter*, the total child support obligation was $200 per week, of which the non-custodial parent's share was 86% or $172 and the disabled custodial parent's share was 14% or $28. The trial court reduced the total child support obligation by the amount of the social security disability benefits, $61.86 per week, to a total of $138.14. This had the effect of reducing the non-custodial parent's 86% share to $118.80. The Court of Appeals decision held that the cus-

todial parent's obligation was not affected by the children's receipt of social security disability benefits—the total child support obligation continued to be $200 per week and the non-custodial parent's share continued to be $172. The custodial parent was entitled to offset the 14% obligation by the $61.86. However, since what was at issue in *Poynter* was the amount of the child support obligation of the *non-custodial, non-social security recipient parent,* the Court of Appeals statements about the credit due the social security recipient parent was arguably *dicta.*

of states have held that a social security recipient parent is entitled to a credit on the rationale that social security benefits are earned and not gratuities, and that they substitute for lost income. *Id.* Based on this precedent, the Court of Appeals in the present case concluded (1) that there was no significant difference between social security disability and retirement benefits for purposes of considering whether to grant a credit towards child support; and (2) that granting such a credit was a rule of law and the trial court had no discretion to deny it. *Stultz,* 644 N.E.2d at 591–92.

## II

Although the *Poynter* court is arguably correct in asserting that a majority of jurisdictions hold that a social security recipient parent is entitled to a credit for social security payments made to a child,[4] we find ample case law holding that such a credit is not automatic and that the presence of social security benefits is merely one factor for the trial court to consider in determining the child support obligation or modification of the obligation.[5] We find this position to be most consistent with our state's strong emphasis on trial court discretion in determining child support obligations and our regular acknowledgement of the principle that child support modifications will not be set aside unless they are clearly erroneous. *Kinsey v. Kinsey* (1994), Ind., 640 N.E.2d 42, 44 (citing *In re Marriage of Richardson* (1993), Ind., 622 N.E.2d 178, 179, and *Humphrey v. Woods* (1991), Ind., 583 N.E.2d 133, 134).

In this case, we cannot say that the trial court's decision to deny the credit was clearly erroneous. In its findings and conclusions, the court took cognizance of all the relevant factors in determining the modification of the decree, such as Mr. Stultz's retirement and thus reduced income, as well as the children's receipt of social security benefits due to his retirement. After reviewing these factors, the court reduced Mr. Stultz's child support obligation commensurate with his reduced income after retirement. The court also found that in this case, the controlling factor in its decision as set forth in Indiana Code § 31–1–11.5–12(a) was the standard of living the children would have enjoyed had the marriage not been dissolved. Had the marriage not been dissolved, the court found, the children would have enjoyed the benefits of the father's retirement as well as his reduced income after retirement. Therefore, after carefully considering all of the factors in this particular case, the trial court found that a credit was not warranted. This Court has determined that reversal of a trial court's child support order deviating from the appropriate guideline amount is merited only where the trial court's determination is clearly against the logic and effect of the facts and circumstances before the trial court. *Kinsey,* 640 N.E.2d at 43; *Humphrey,* 583 N.E.2d at 134. Applying this standard, we cannot say that Judge Milligan's order was clearly erroneous.

## III

Our holding today does not foreclose the possibility of other trial courts, in certain cases, granting a credit to a social security recipient parent for benefits received by a child. We anticipate, however, that such a credit will generally be denied, at least with

---

4. *See* Bruce I. McDaniel, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child,* 77 A.L.R.3d 1315 (1977 and 1991 Supp.).

5. Cases holding that a credit is not an automatic right and that benefits are merely a factor to be considered by the trial court include: *Nibs v. Nibs,* 625 P.2d 1256 (Okla.1981); *Arnoldt v. Arnoldt,* 147 Misc.2d 37, 554 N.Y.S.2d 396 (App. Div.1990); *Lainson v. Lainson,* 219 Neb. 170, 362 N.W.2d 53 (1985); *Moritz v. Moritz,* 368 N.W.2d 337 (Minn.Ct.App.1985); *In the Marriage of Haynes,* 343 N.W.2d 679 (Minn.Ct.App.1984);

*Miller v. Miller,* 385 So.2d 54 (Ala.Civ.App.1980), cert. denied (Ala. July 7, 1980); and *Joachim v. Joachim,* 57 A.D.2d 546, 393 N.Y.S.2d 63 (1977), cert. denied 434 U.S. 1066, 98 S.Ct. 1242, 55 L.Ed.2d 767 (1978). All of the above cited cases held that a credit was not appropriate.

*But see: Miller v. Miller,* 890 P.2d 574 (Alaska 1995) (parent entitled to credit for Social Security retirement benefits to children); *Pontbriand v. Pontbriand,* 622 A.2d 482 (R.I.1993) (parent entitled to credit for Social Security disability benefits to children); *Preston v. Preston,* 435 Pa.Super. 459, 646 A.2d 1186 (1994) (benefits to child raise a rebuttable presumption in favor of a credit).

respect to social security *retirement* benefits.[6]

First, it would appear that the mandatory consideration of the standard of living that the child would have enjoyed had the marriage not been dissolved, Ind.Code § 31-1-11.5-12(a), will in most social security retirement situations be resolved in the same way Judge Milligan resolved the issue here: "[I]f the marriage had not been dissolved the children would have enjoyed the benefit of all of the respondent's income plus the retirement, plus the social security retirement benefits they received, plus the petitioner's income."[7]

Second, in at least three contexts that we find quite similar to the present, the Court of Appeals has prohibited the use of benefits payable to children under government programs (and, therefore, analogous to the social security retirement benefits in this case) to offset payments to which the children were otherwise entitled. In *Head v. State* (1994), Ind.App., 632 N.E.2d 749, the Court of Appeals was faced with a request from the state to have paid over to it social security disability benefits received by children who were also beneficiaries of the federal welfare program, Aid to Families with Dependent Children (AFDC). The state's argument was grounded in federal and state statutes which required AFDC recipients to assign their right to child support to the state to offset AFDC payments to which the children were otherwise entitled. 42 U.S.C. § 602(a)(26)(A); Ind.Code § 12-14-7-1. The *Head* court concluded that the social security benefits were not child support and, therefore, not subject to the assignment of rights requirement. In doing so, it discussed the United States Supreme Court case of *Sullivan v. Stroop*, 496 U.S. 478, 110 S.Ct. 2499,

110 L.Ed.2d 438 (1990), in which the high court considered a similar question—whether social security benefits received by children were to be considered income for purposes of the means test of the AFDC program:

> The Supreme Court observed that Title II Social Security payments "are explicitly characterized as 'insurance' benefits and are paid out of the public treasury to all applicants meeting the criteria." *Sullivan*, 496 U.S. at 485, 110 S.Ct. at 2504, 110 L.Ed.2d at 446. Thus, while the Court acknowledged that "Title II child's insurance benefits might be characterized as 'support' in the generic sense," those benefits were not the sort of child support payments from absent parents envisioned by the Act. *Id.* The Court then concluded that Title II child's insurance benefits are not "child support payments" and that no portion of those benefits may be disregarded when computing the combined value of the family's resources for AFDC benefits eligibility.

*Head*, 632 N.E.2d at 751-52.

In *Brummett v. Brummett* (1984), Ind. App., 472 N.E.2d 616, the Court of Appeals held that the trial court had not abused its discretion in finding that the receipt of social security survivor's benefits did not warrant reducing or abolishing the monthly child support obligation initially owed by the child's father and, after his death, owed by his estate. "[T]he trial court could reasonably have concluded the resources presently available to the supported child ... were significantly less than what would have been available if a dissolution of her parents marriage had not taken place." *Id.* at 619. In sorting out the difference between the social security survivor's benefits and the child support pay-

---

**6.** We can envisage a social security disability recipient parent making a stronger case for a credit than a social security retirement recipient but decline to give that issue extensive treatment in this case involving only retirement benefits. Suffice it to say here that disability may affect the parent's and child's standard of living in dramatically different ways than retirement, giving rise to a stronger claim for a credit.

**7.** The Court of Appeals held that what it called "the general statutory prescription" requiring consideration of the standard of living the chil-

dren would have enjoyed had the parents not divorced "must yield to the specific rule set out in *Poynter*." *Stultz*, 644 N.E.2d at 592 n. 1. The Court of Appeals cites no authority for this proposition of statutory construction. While we can envision situations where we would endorse this proposition, we believe in this case we must adhere to our general duty to "effect the intent of the legislature." *Matter of Lawrance* (1991), Ind., 579 N.E.2d 32, 38 (citing *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657).

ments, Judge Shields noted, "The existence of social security payments is analogous to situations in which a supported child earns extra money at a job, but not enough to give the child emancipated status." *Id.* (quoting H. Clark, Jr., *The Law of Domestic Relations* 502 (1968)). As such, in this case it was not an abuse of the trial court's discretion to find that the social security survivor's benefits were not available to offset the child support payments to which the child was otherwise entitled.

In *Kyle v. Kyle* (1991), Ind.App., 582 N.E.2d 842, *trans. denied,* the non-custodial parent contended that the trial court should have set his child support obligation at a lower amount because the custodial parent received approximately $200.00 per month in Supplemental Security Income [SSI] on behalf of their disabled child.[8] The Court of Appeals affirmed the trial court's rejection of the non-custodial parent's claim, holding that SSI benefits received by a disabled child are intended to supplement other income, not substitute for it. "Accordingly, the noncustodial parent's child support obligation is not impacted by the receipt of SSI on the behalf of a disabled child. SSI benefits represent gratuitous contributions from the government and do not reduce the noncustodial parent's child support obligation." *Id.* at 846.

While we recognize that these three cases involve different types of benefits than the social security retirement benefits received by the Stultz children—social security disability benefits in *Head;* social security survivor benefits in *Brummett;* and supplemental security income benefits in *Kyle*—the common thread that links all four of these types of benefits in our minds is that they are all payments from the government to all eligible children. Or, as the Supreme Court said in *Sullivan v. Stroop,* "benefits . . . paid out of the public treasury to all applicants meeting the criteria." 496 U.S. at 485, 110

S.Ct. at 2504. In *Head, Brummett,* and *Kyle* the Court of Appeals concluded that the payments were not child support and were not available to offset the AFDC (in *Head* ) or child support (in *Brummett* and *Kyle* ) to which the children in those cases were otherwise entitled. We think that this principle should be the general rule for social security retirement payments to children as well. After all, just like the parents of the children receiving social security disability, social security survivor's, and supplemental security income benefits in these three cases, the retired parent pays no additional premiums in order to entitle his or her child to benefits—the amount of social security contributions paid by the retired parent and his or her employer are the same whether the parent is married or single and whether he or she has children or not. Perhaps more significant, the retired parent's own social security retirement benefits are not reduced or changed by the benefits his or her children receive. It seems to us that what is going on here is that Congress has created an entitlement for the minor children of all social security participants who retire. But it is the children's entitlement, not the retiree's, and should not as a general rule diminish the legal obligation of retirees to support their children.[9]

### Conclusion

We do not find the trial court's decision in this case to be clearly erroneous. We therefore grant transfer, vacate the opinion of the Court of Appeals, and affirm the decision of the trial court.

SHEPARD, C.J., and DeBRULER, and DICKSON, JJ., concur.

SELBY, J., concurs in result.

---

8. The Supplemental Security Income Program, Title XVI of the Social Security Act, is a social welfare program for the aged, blind, and disabled. Eligibility is based on need. *See* 42 U.S.C. Sec. 1382c(a)(1) (1983 & Supp.1990).

9. The unfairness of granting a retiree parent credit for payments received by a child is illus-

trated by the following excerpt from Mrs. Stultz's excellent brief: "In this case, the husband, although he has regular and ongoing income, will pay NO child support. Uncle Sam will pay it for him. The children, on the other hand, will have their support cut in half." Br. of Appellee 17.