ATTORNEY FOR APPELLANT
Jane G. Cotton
Anderson, Indiana

ATTORNEY FOR APPELLEE
Patrick R. Ragains
Anderson, Indiana

# In the
# Indiana Supreme Court

No. 48S04-0509-CV-404

DANNY E. BROWN, JR.,

Appellant (Respondent below),

v.

GINGER A. BROWN,

Appellee (Petitioner below).

Appeal from the Madison Superior Court III, No. 48D03-0004-DR-00249
The Honorable Stephen Clase, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 48A04-0402-CV-66

**June 29, 2006**

**Sullivan, Justice.**

Because of Danny Brown's disability, his son received a lump-sum distribution of retroactive Social Security disability benefits as well as monthly benefits going forward. Brown seeks credit for the lump-sum payment against an accumulated child support arrearage and credit for the monthly benefits against his future support obligation. Following precedent from this State and others, we hold that a disabled parent is entitled to credit against the parent's child support obligations for Social Security disability benefits paid to a child, effective as of the date the parent files a petition to modify a support order. The petition may be filed upon application for disability benefits.

## Background

Danny and Ginger Brown's marriage was dissolved on December 14, 2000. The decree awarded Mother custody of the parties' son and ordered Father to pay weekly support of $110. Over the next two years, Father failed to make his support payments and this prompted additional orders from the court. During at least a portion of this time, the court in its orders noted that Father was unable to work due to back injuries and surgery.

By May 20, 2003, Father's arrearage had grown to $7,595. The trial court found Father to be in contempt for failure to pay support and ordered that he pay $50 per week in child support and $10 per week towards the arrearage. The May 2003 order also noted that Father would soon have back surgery and had applied for Social Security disability benefits in October, 2002.

On June 3, 2003, after Father's application for Social Security benefits had been approved, his son received a lump-sum check from the Social Security Administration in the amount of $10,377 as a retroactive payment for benefits he was entitled to as Father's dependent. The son also began to receive monthly benefits. Before learning of this lump-sum payment to his son, Father had petitioned the trial court on June 5, 2003, to modify his child support obligation on the basis that his impending back surgery and his application for Social Security disability benefits constituted substantial changes of circumstances to merit a modification.

When Father learned of the retroactive payment to his son, he filed a Trial Rule 60(B) motion for relief from the May 20, 2003 order establishing his support arrearage. Father argued he was "entitled to reimbursement of $10,377 for support overpayment," after having paid $7,545 in back support towards his arrearage.

The trial court held that the retroactive payment to the child "[was] not child support and [that] Father [was] not entitled to a credit for it against his child support arrearage." Appellant's App. at 54. Father subsequently appealed; the Court of Appeals affirmed the trial court. <u>Brown</u>

2

v. Brown, 823 N.E.2d 1224 (Ind. Ct. App. 2005). Father sought, and we granted, transfer. Brown v. Brown, 841 N.E.2d 183 (Ind. 2005).

## Discussion

Father seeks a determination that the retroactive lump-sum distribution of social security disability benefits paid to his son be credited as child support either to satisfy the accumulated arrearage or prospectively against future support obligations.[1]

## I

In Poynter v. Poynter, 590 N.E.2d 150 (Ind. Ct. App. 1992), trans. denied, a mother who was the custodial parent of a couple's two children asked the trial court to offset her child support obligation by the amount of Social Security disability benefits paid directly to her children as a result of her disability. Instead, the trial court reduced the total support obligation of both parents by the amount of the benefits paid to the children before determining each parent's share. "Following the majority rule of other jurisdictions," the Court of Appeals reversed. Id. at 152. It held that a disabled parent is entitled to have the Social Security disability benefits received by the child because of that parent's disability credited against their child support obligations. Id.

Father argues that we should follow Poynter and allow him the same credit that the mother received in that case. The Court of Appeals did not follow Poynter, largely based on its analysis of our subsequent opinion in Stultz v. Stultz, 659 N.E.2d 125 (Ind. 1995).[2] Brown, 823 N.E.2d at 1226-28. In Stultz, a father, the non-custodial parent of a couple's two children, asked the trial court to offset his child support obligation by the amount of Social Security retirement benefits paid directly to his children as a result of his retirement. (Note that Stultz involved So-

---

[1] The parties seek no determination as to whether Social Security disability benefits paid to a child credited against the disabled parent's support obligation must be included in the parent's gross income for purposes of determining the amount of the child support obligation under the Child Support Guidelines. Other states have held that it is. See Jenkins v. Jenkins, 704 A.2d 231, 234 (Conn. 1998); Michael A. DiSabatino, "Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child," 34 A.L.R. 5th 447 (1995 & 2005).

[2] Judge Riley dissented, arguing that Poynter should be followed. Brown, 823 N.E.2d at 1228 (Riley, J., dissenting).

cial Security <u>retirement</u> benefits, whereas <u>Poynter</u> and the case before us involve Social Security <u>disability</u> benefits.)  The trial court denied the requested credit; following <u>Poynter</u>, the Court of Appeals reversed.

We granted transfer in <u>Stultz</u> and reinstated the judgment of the trial court.  Acknowledging the cases from other jurisdictions cited by the Court of Appeals in <u>Poynter</u>, we nevertheless found "ample case law holding that such a credit is not automatic and that the presence of social security benefits [was] merely one factor for the trial court to consider in determining the child support obligation or modification of the obligation."  <u>Stultz</u>, 659 N.E.2d at 128 (citations omitted).  Given this case law, we concluded that deference to the trial court was appropriate, particularly given "our state's strong emphasis on trial court discretion in determining child support obligations and our regular acknowledgement of the principle that child support modifications will not be set aside unless they are clearly erroneous."  <u>Id.</u>  (citing <u>Kinsey v. Kinsey</u>, 640 N.E.2d 42, 44 (Ind. 1994)).

<u>Stultz</u>, then, turned primarily on the trial court's discretion to make the determination it did, <u>i.e.</u>, to refuse to credit father's child support obligation by the amount of Social Security retirement benefits paid to his children as a result of his retirement.  <u>Stultz</u> did not turn on any distinction between Social Security retirement benefits and Social Security disability benefits. However, we did say in <u>Stultz</u> that the treatment for child support purposes of payments made on behalf of a Social Security <u>disability</u> recipient might well present a stronger case for allowing a credit than a retirement recipient.  <u>See id.</u> at 129 & n.6.  We deferred a definitive holding on that point for a case squarely presenting the issue.

**II**

Now presented with just such a case, we have reviewed the rationale of both <u>Poynter</u> and that of other courts that have examined the question.  We find this authority persuasive that a disabled parent is entitled to have Social Security disability benefits paid to a child because of that parent's disability credited against their child support obligations.  <u>See</u> <u>Williams v. Williams</u>, 727 N.E.2d 895, 897 (Ohio 2000) ("the underlying intent behind Social Security payments

4

to a child is to provide support that the disabled parent is unable to provide. Thus, Social Security benefits are characterized as a substitute for the disabled parent's earnings rather than gratuities from the federal government"); <u>Holmberg v. Holmberg</u>, 578 N.W.2d 817, 827 (Minn. Ct. App. 1998) <u>aff'd</u>, 588 N.W.2d 720 (Minn. 1999) ("child support and social security benefits paid on behalf of a child due to a support obligor's disability have almost identical purposes"); <u>Frens v. Frens</u>, 478 N.W.2d 750 (Mich. Ct. App. 1991); Michael A. DiSabatino, <u>Annotation</u>, "Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child," 34 A.L.R. 5th 447 (1995 & 2005).

Although we hold that a disabled parent is entitled to have child support obligations credited with the Social Security disability benefits received by the child because of that parent's disability, we see no reason to revisit our holding in <u>Stultz</u> with respect to the discretion of the trial court when presented with a request for a credit for Social Security retirement benefits. Disability impacts a parent's earning capacity and, therefore, a child's standard of living, in a fundamentally different way than does retirement. The trial court is in the best position to assess the impact of retirement in any particular case.

### III

The general rule enunciated in Part II is that a disabled parent is entitled to have Social Security disability benefits paid to a child because of that parent's disability credited against the parent's child support obligations. As such, a disabled parent with respect to whom Social Security disability benefits are paid to the parent's child is entitled to petition the court for modification of the parent's child support to reflect a credit for the amount of the payments. The credit takes effect as of the date of the petition.

In this case (as will often be the case because of delays in making Social Security disability determinations), a lump-sum payment of retroactive Social Security disability benefits was paid to the son. We set forth some general principles on the handling of lump-sum payments of retroactive Social Security disability benefits paid to children of disabled parents and then remand this matter to the trial court to apply the principles to the facts of this case.

## A

We begin with the mandate of our statute that expressly prohibits a court from "retroactively modify[ing] an obligor's duty to pay a delinquent support payment." Ind. Code § 31-16-16-6 (2004). Other courts have held that this rule operates to prohibit crediting lump-sum payments of retroactive Social Security disability benefits paid to children against existing child support arrearages. "The rule is premised on the importance of meeting the current needs of children, thereby protecting their right to regular and uninterrupted support. Enforcement of the rule eliminates the disincentive which obligors would otherwise have to suspend their support payments pending application for disability benefits." Newman v. Newman, 451 N.W.2d 843, 844 (Iowa 1990) (citing Potts v. Potts, 240 N.W.2d 680, 682 (Iowa 1976); McClaskey v. McClaskey, 543 S.W.2d 832, 835 (Mo. Ct. App. 1976); Children & Youth Servs. v. Chorgo, 341 Pa. Super. 512, 491 A.2d 1374, 1380 (Pa. Super. Ct. 1985) (dicta)).

We adopt this analysis and hold that lump-sum payments of retroactive Social Security disability benefits to children cannot be credited against child support arrearages that are accumulated before the noncustodial parent has filed a petition to modify based on the disabilty. We recognize, of course, that a disabled parent has limited influence over the length of time the Social Security Administration will take in processing the parent's claim. We believe the Michigan Court of Appeals has provided useful guidance in this regard and we adopt it:

> As in this case, the federal government sometimes takes years to make a decision, and this can lead to a retroactive award of benefits. Under such circumstances the party applying for federal benefits should petition the trial court for modification of a support order based on the apparent inability to work caused by the disability and alert the court to the pending application for benefits. The trial court could defer its ruling on the petition until the federal government decides whether to award the benefits. This would give the trial court the power to modify the support order retroactively to take into account all the changes in circumstance, while at the same time providing the custodial parent with notice that such a modification is a possibility.

Jenerou v. Jenerou, 503 N.W.2d 744, 746 (Mich. Ct. App. 1993).

While we agree with the Michigan Court that the filing of a petition to modify on grounds that a Social Security disability determination has been requested entitles the parent to a credit retroactive to the date of the petition in the event of a favorable determination, the filing of the petition does not relieve the parent of the parent's child support obligation until such time as there is a modification, if any, of the existing child support order. See Tarbox v. Tarbox, 853 A.2d 614, 621 (Conn. Ct. App. 2004).

**B**

Indiana courts have generally prohibited child support obligors from attempting to satisfy their future support responsibilities through non-conforming payments that exceed the amount owed the support recipient. In such cases, our courts have held that "child support payments cannot be applied prospectively to support not yet due at the time of the overpayment." Drwecki v. Drwecki, 782 N.E.2d 440, 448 (Ind. Ct. App. 2003) (quoting Matson v. Matson, 569 N.E.2d 732, 733 (Ind. Ct. App. 1991)). The general rule prevents a non-custodial parent from building up a substantial credit and then later refusing to make support payments, which "would thwart the court's purpose of providing regular, uninterrupted income for the benefit of the children." Id. at 448-49. Where a parent voluntarily overpays his or her child support in an attempt to receive a prospective credit, the excess amount is properly treated as a gratuity to the children and no credit is granted. See Holy v. Lanning, 552 N.E.2d 44, 45 (Ind. Ct. App. 1990) (noting that any excess child support payment made by an obligor should be treated as a gratuity or as voluntary contributions for the support of the children).

Where all or a portion of lump-sum payments of retroactive Social Security disability benefits paid to children cannot be credited against existing child support arrearages under Part III-A, we believe the doctrine of non-conforming payments dictates the excess amount is properly treated as a gratuity to the children and no credit is granted. This may also be the case where prospective Social Security disability benefits paid to children exceed the amount of the parent's corresponding child support payment. See Newman, 451 N.W.2d at 844 ("the receipt of excess government benefits over the monthly child support obligation is equitably deemed a gra-

tuity to the children"); <u>Holmberg v. Holmberg</u>, 578 N.W.2d at 827. This does not mean that the trial court cannot modify the child support obligation to reflect the Social Security disability benefits. <u>See</u> footnote 1.

**Conclusion**

Having previously granted transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals, we now reverse the judgment of the trial court. This case is remanded to the trial court with instructions to (1) credit, in accordance with Parts II and III of this opinion, Father's prospective child support obligations with the monthly Social Security disability benefits paid to his son; (2) determine, under Part III of this opinion, how much, if any, of the lump-sum payment of retroactive Social Security disability benefits paid to the son can be credited against Father's child support arrearage; (3) determine, in accordance with Part III of this opinion, the effective dates of any such credits; and (4) resolve any remaining issues.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.