Todd A. ANDERSON, Appellant,

v.

Shauna ANDERSON, Appellee.

No. 47A01–1104–DR–159.

Court of Appeals of Indiana.

Oct. 12, 2011.

Thomas M. Frohman, Tracy T. Pappas, Indiana Legal Services, Inc., Bloomington, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Todd A. Anderson (Father) appeals the trial court's denial of his request to credit against his child support obligation Social Security benefits Shauna Anderson (Mother) received on behalf of their child, D.A., prior to Father's petition to modify child

support. Father presents that ruling as the sole issue on appeal.

We reverse.

The relevant facts are undisputed. Father and Mother were divorced by decree of dissolution in 1995. At the time, they had one child, D.A., who was born in 1994. Father was ordered to pay $25.00 in weekly child support. Father became disabled and in 2001 began receiving $771.00 monthly Social Security disability benefits (SSD). On November 16, 2010, Father filed a "Petition to Modify Support Obligation and Apply Credit." *Appellant's Appendix* at 22. The matter proceeded to a hearing on February 28, 2011. Later, Father submitted the following Verified Statement of Evidence summarizing the evidence presented at that hearing relevant to this appeal:

> The parties have one child, [D.A.], born March 1, 1994. Todd Anderson is disabled with chronic pancreatitis and receives $771.00 per month in Social Security disability insurance benefits. He has been receiving benefits since May 2001. He applied for disability benefits in 2001 and was approved for benefits within three months.
>
> [D.A.] has also been receiving benefits off of Mr. Anderson's disability account. Her benefits started the same time her father's benefits started. She currently receives $68.00 per month off of her father's disability account. From 2001 until the date Mr. Anderson filed his modification petition, she received a total of $9,314.00 in benefits off of her father's account, $240 of which was in a lump sum paid in 2001. She has received the rest of the benefits on a monthly basis from 2001 on.

*Id.* at 7–8.

At the hearing, Father sought a modification of his support, including, among other things, to have the $9,314.00 in SSD benefits paid to D.A. since 2001 credited against his child support arrearage. The trial court issued the following order relative to that request:

> The Court, having taken this matter under advisement, hereby modifies Petitioner's ongoing support obligation as follows: $19.00 per week, effective November 16, 2010.
>
> Pursuant to Child Support Guideline 3.G.5.b, Petitioner's arrearage as of February 28, 2011 is calculated at $12,838.23. This calculation credits Petitioner with the $240 lump sum Social Security disability benefit received by the child.

*Id.* at 6. Father appeals the determination that he is not entitled to credit the entire amount of disability benefits received by D.A. since 2001 against his support arrearage.

 When the issue presented is a pure question of law and there are no disputed facts, we apply a de novo standard of review. *Reese v. Reese,* 696 N.E.2d 460 (Ind.Ct.App.1998). " 'A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions.' " *Id.* at 462 (quoting *Indiana Ins. Co. v. Allis,* 628 N.E.2d 1251, 1252 (Ind.Ct.App.1994), *trans. denied.*) In the instant case, the facts are undisputed and the determination of whether Father is entitled to credit the entire amount of periodic SSD payments received by D.A. against his child support arrearage is a pure question of law. We therefore review the trial court's ruling de novo. *See id.*

Mother contends this case should be resolved in her favor by our Supreme Court's decision in *Brown v. Brown,* 849 N.E.2d 610 (Ind.2006). In *Brown,* a parent sought credit for a lump-sum SSD

payment against an accumulated child support arrearage and also sought to credit his monthly SSD benefits against his future support obligation. Our Supreme Court denied that request, holding: "lump-sum payments of retroactive Social Security disability benefits to children cannot be credited against child support arrearages that are accumulated before the noncustodial parent has filed a petition to modify based on the disability." *Id.* at 615. Also in *Brown*, the Supreme Court clarified that a disabled parent "with respect to whom Social Security disability benefits are paid to the parent's child is entitled to petition the court for modification of the parent's child support to reflect a credit for the amount of the payments. *The credit takes effect as of the date of the petition.*" *Id.* at 614 (emphasis supplied). Thus, according to *Brown*, SSD payments to a dependent may not be credited against a support arrearage that accumulated before the filing of a modification petition—i.e., they may not be applied retroactively.

Effective January 1, 2010, Indiana Child Support Guideline 3 was amended to specifically address the subject of SSD payments. In relevant part, it affirmed the Supreme Court's determination in *Brown* that SSD payments to a child may be credited against a noncustodial parent's child support obligation. *See* Child Supp. G. 3(G)(5)(a)(2)(ii). On the other hand, the amended Guideline 3 effectively overruled *Brown*'s holding that lump-sum SSD payments could not be applied retroactively to arrearages accumulated prior to the filing of a petition for modification. With regard to arrearages and SSD payments, Comment 3(G) provides, in relevant part: "A lump sum payment of retroactive Social Security Disability benefits shall be applied as a credit against an existing child support arrearage if the custodial parent, as representative payee, received a lump sum retroactive payment, without the requirement of a filing of a Petition to Modify Child Support." Child Supp. G. 3(G)(5)(b)(1). The Commentary to Guideline 3 clarifies that "[t]he Guidelines now allow the courts to apply the lump sum SSD benefits toward an existing child support arrearage if the custodial parent, as representative payee, receives a lump sum payment. This credit is appropriate without the requirement of a filing of a Petition to Modify Child Support."

Read in conjunction with *Brown* and Child Supp. G. 3(G)(5)(b)(4),[1] this commentary clearly indicates that lump-sum SSD payments to a custodial parent on behalf of the child may be applied against a support arrearage that predated the filing of a petition to modify support. It is silent, however, with respect to the issue presented here, i.e., whether *periodic* SSD payments may be applied against a support arrearage that accumulated before the filing of a petition to modify support. The parties advocate different interpretations of this silence.

Mother contends that a petition to modify support is still required in order to apply an SSD payment against an arrearage because "the Commentary to the Guidelines, when discussing the holding in *Brown*, do not indicate that the addition of section 5 was intended to change the effect of the holding in *Brown*." *Appellee's Brief* at 7. Indeed, Mother argues that had it so intended, "the Guidelines would have stated that the holding with respect to filing a

---

1. This provision states: "The award of Social Security Disability benefits retroactive to a specific date does not modify a noncustodial parent's child support obligation to the same date. The noncustodial parent's duty to pay support cannot be retroactively modified earlier than the filing date of a petition to modify child support."

petition to modify set out in *Brown* was also superseded." *Id.* Regardless of whether the relevant section of Commentary to Guideline 3 states it, the fact remains that the text of the Guideline itself overturns *Brown* in this regard, viz., "[a] lump sum payment of retroactive Social Security Disability benefits shall be applied as a credit against an existing child support arrearage if the custodial parent, as representative payee, received a lump sum retroactive payment, *without the requirement of a filing of a Petition to Modify Child Support.*" Child Supp. G. 3(G)(5)(b)(1) (emphasis supplied).

Father, on the other hand, contends in effect that the modified Child Supp. G. 3(G)(5) was intended primarily to overrule *Brown* on the issue of whether lump-sum SSD payments apply retroactively to arrearages accumulated prior to a petition to modify that was based upon SSD payments. Father contends:

> Under the rationale given in the new guidelines and under existing case law, there is no reason to treat regular monthly payments any differently than a lump-sum payment that is merely the accumulation of regular monthly payments that the Social Security Administration did not pay earlier because of a delay in finding the person to disabled [sic]. In fact, those regular monthly payments present an even clearer case of "payments that do not technically conform to the original support decree", Commentary to Child Supp. G., but for which a credit must be given.

*Appellant's Brief* at 11. We find ourselves in agreement with Father.

The Commentary to Guideline 3(G) notes that *Brown* recognized that the SSD benefits paid to a child were recognized as earnings of the disabled parent, and therefore "[i]t follows … that the payment received for the benefit of the child should be applied to satisfy the disabled parent's support obligation." The Commentary further notes that the revised Child Support Guidelines change the law regarding the application of SSD benefits with respect to SSD lump-sum payments. Under *Brown* and *Hieston v. State, Indiana Family & Soc. Servs. Admin. Child Support Bureau,* 885 N.E.2d 59 (Ind.Ct.App. 2008), *trans. denied,* such payments were considered mere gratuities and could not be credited against existing arrearages unless the arrearage post-dated a petition to modify based upon the SSD payments. As is the case with respect to the current version of Child Supp. G. 3(G)(5), *Brown* and *Hieston* addressed only lump-sum SSD payments and said nothing about periodic SSD payments, at least so far as applying proceeds against an existing arrearage. We are therefore left to speculate as to how the Guidelines would treat periodic SSD payments in this regard. We believe the Commentary to Guideline 3(G)(5) foreshadows that periodic SSD payments would be treated the same as lump-sum SSD payments.

The Commentary provides that SSD payments for the benefit of a dependent child are regarded as income of the disabled parent and shall be credited as payment toward the disabled parent's support obligation. The revision in Guideline 3(G)(5) is based upon the following rationale:

> [T]he lump sum payment is merely a method of payment applied to a past support obligation not paid. The distinction is between modification of support which changes the rate of support, e.g. from $100.00 per week to $50.00 per week, as opposed to credit for an indirect payment. Modification of a child support obligation still requires the filing of a petition for modification as set forth in Guideline 4.

The lump sum payment is a method of payment that may not be specifically authorized by express court order but which should be recognized as a payment of support. Indiana case law establishes that credit can be allowed for payments that do not technically conform to the original support decree. For example, where the obligated parent makes payments directly to the custodial parent rather than through the clerk of the court, the Supreme Court has recognized these payments when there was sufficient proof to convince a trier of fact that the required payments were actually made. Proof of the lump sum SSD benefit payment is not difficult because the Social Security award certificate is a record easily admitted into evidence as an exception to the hearsay rule under IRE 803(6) and (8) (reports of a public agency setting forth its regularly recorded activity) and trial courts are rarely burdened with an evidentiary dispute about what was paid, when or to whom, once the Social Security records are shared. By contrast, the informal arrangement disputes between parties to modify and reduce the actual amount of weekly support below that ordered in the divorce decree are actual attempts to retroactively modify the amount of support, which are prohibited. Similar to the nonconforming payment, the lump sum payment shall be applied as a credit to an existing child support arrearage. Commentary to Child Supp. G. 3(G). For purposes of the foregoing rationale, we can see no meaningful distinction between SSD periodic payments and SSD lump-sum payments paid for the benefit of a dependent child.

In neither case does the petitioner seek a modification of the amount of support to be paid. As the Commentary makes clear, there is a critical distinction between seeking a modification of support and seeking credit for the receipt of SSD benefits. With the former, a party seeks to alter the amount of support that is to be paid. With the latter, the party does not seek an alteration in the amount of the child support obligation, but rather seeks to credit against that obligation payments made for the support of the child that are not in a form explicitly authorized by the original child support order. This distinction was not discussed in *Brown*, at least with respect to the question of whether SSD payments could be applied to an arrearage that accumulated prior to a petition to seek credit for those SSD payments. In fact, it would appear that the court viewed the distinction as irrelevant on that question, as it cited the prohibition against " 'retroactively modify[ing] an obligor's duty to pay a delinquent support payment' ", *Brown v. Brown*, 849 N.E.2d at 614 (quoting Ind.Code Ann. § 31–16–16–6 (West, Westlaw through end of 2011 1st Regular Sess.)), in support of its conclusion that no credit would be given for such payments that predated the petition to modify. The Commentary to Guideline 3(G)(5), however, clearly distinguishes between seeking modification of the amount of a support obligation and seeking credit for an indirect payment of support. In fact, it appears that the Commentary places great importance on this distinction in effectively overturning *Brown* on the matter of crediting SSD lump-sum payments against an arrearage that accumulated prior to the petition seeking that credit.

As the Commentary notes, the petitioner in cases such as the instant case seeks credit for an indirect payment that "should be recognized as a payment of support." *Id.* With respect to both lump-sum and periodic SSD payments, the payments are considered income of the disabled parent and not mere "gratuities from the federal

government." *Brown v. Brown,* 849 N.E.2d at 614. Therefore, they should be credited against the disabled parent's support obligation. As such, just as with lump-sum payments, applying periodic payments to an accumulated arrearage "is merely a method of payment applied to a past support obligation not paid." *Id.* Proof of the periodic SSD benefit payment is presumably no more difficult than is the case with lump-sum payments because "the Social Security award certificate is a record easily admitted into evidence as an exception to the hearsay rule under IRE 803(6) and (8)[.]" *Id.* Thus, we conclude there is no principled reason to treat periodic SSD benefit payments to a child differently than lump-sum SSD benefit payments, i.e., it "shall be applied as a credit to an existing child support arrearage" without the need to file a petition for modification. *Id.*

The trial court is reversed insofar as it denied Father's request to apply all of the periodic SSD payments received to date by Mother on D.A.'s behalf against his existing support arrearage. This matter is remanded with instructions to calculate the amount of those payments and to adjust the amount of Father's arrearage accordingly.

Judgment reversed and remanded.

DARDEN, J., and VAIDIK, J., concur.