**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**TRENNA S. PARKER**
**EILEEN MAGUIRE**
Parker & Maguire Law Firm, P.C.
Noblesville, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

FILED

Feb 14 2012, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AILEEN (SCOTT) KRUSE,                )
                                     )
    Appellant-Petitioner,        )
                                     )
        vs.               )    No. 29A04-1106-DR-303
                                     )
JAMES D. SCOTT,                      )
                                     )
    Appellee-Respondent.         )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-8909-DR-497

**February 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Aileen (Scott) Kruse (Mother) appeals from the trial court's order resolving James D. Scott's (Father) child support arrearage and other child support issues. Mother presents for our review the following restated issue: Did the trial court abuse its discretion in resolving Father's child support arrearage and other child support issues?

We affirm.

Mother and Father's marriage was dissolved by a decree of dissolution in 1990. Mother was awarded primary physical custody of the former couple's two children and a child support order was entered. Sometime prior to 1998, Father was injured at work and applied for worker's compensation and social security disability benefits (SSD benefits). Father also pursued a personal injury suit. By 2003, Father was receiving SSD benefits and the children were receiving children's benefits due to Father's disability. Both Father and the children received lump-sum distributions. Meanwhile, Father accumulated a substantial arrearage in his child support obligation.

In February, 2003, Father filed a petition to emancipate the older child and requested a modification of his child support obligation due to the emancipation. Subsequent to the filing of Father's petition, Mother learned that Father's personal injury suit was near settlement. On September 16, 2003, Mother filed a motion for pre-judgment garnishment, affidavit, order to appear, and a motion to waive bond and escrow funds.

While that motion was pending, Mother and Father entered into a mediated Agreed Order for Modification, which was later approved by the trial court on November 17, 2003. Pursuant to that Agreed Order, the older child was deemed emancipated, and a continuing child support obligation of $38 per week for the younger child took effect. The Agreed

2

Order waived payment of Father's current child support obligation so long as the younger child was receiving social security benefits from Father's disability.

The Agreed Order established Father's child support arrearage and uninsured medical expenses in the amount of $26,267.00 as of October 31, 2003, and a judgment was entered against Father for that amount. Father agreed to pay $50.00 per month toward his arrearage in exchange for no interest accruing on the judgment as long as he made the payment. Father made the payments each month during the first year. After that, payments were sporadically made. Including the last payment made in April 2005, Father paid a total of $775.00 directly to the Hamilton County Clerk.

Another provision of the Agreed Order was that when Father began receiving his annuity payments from his personal injury settlement, his arrearage payment would increase to $105.00 per month and that Mother would receive 50% of Father's monthly annuity benefits from the plan administrator. Under the Agreed Order, the garnishment hearing remained pending.

The younger child, who was eighteen years old at the time she graduated from high school in May 2008, received the last payment of social security benefits to her in June 2008. Father made no payments for child support from June 2008 through the end of July 2010. The younger child stopped receiving SSD benefits after she graduated from high school. Father told the younger child that he believed she was entitled to continue to receive SSD benefits while she remained a full-time student post-high school, but the younger child failed to take action to determine if she qualified for continued benefits.

In 2011, the Title IV-D prosecutor caused Father's driver's license to be suspended due to the unpaid arrearage, and also initiated an Income Withholding Order garnishing Father's social security payments. On March 24, 2011, Father filed a verified petition for emancipation of the younger child, request for termination of child support, recalculation of arrearage, and order to appear. Mother did not file a responsive pleading and the matter was set for a hearing.

After a hearing was held, the trial court issued findings of fact and conclusions thereon resolving the issues presented. The younger child was deemed emancipated as of July 27, 2010. The trial court found that the child support arrearage, the amount of which was established in the Agreed Order, had been paid in full and concluded that Father had satisfied all support obligations owed to Mother. The trial court ordered each party to pay their own attorney fees and denied Mother's claim for interest on the arrearage under the Agreed Order.

Mother now appeals arguing that we should reverse the trial court's decision and resolve the matter in her favor based on our Supreme Court's decision in *Brown v. Brown*, 849 N.E.2d 610 (Ind. 2006). Consistent with our opinion in *Anderson v. Anderson*, 955 N.E.2d 236 (Ind. Ct. App. 2011) and the post-*Brown* amendments to the child support guidelines, we disagree.

In *Brown*, a parent sought credit for a lump-sum SSD benefit payment against a child support arrearage and credit for his monthly SSD benefit payments against future support obligations. Our Supreme Court concluded that SSD benefit payments to a dependent may not be retroactively credited against a child support arrearage. The Supreme Court held that

4

a parent must petition the trial court for a modification of child support to reflect a credit for the SSD benefit payments to the child. *Id.*

As we recently noted in *Anderson*,

> Effective January 1, 2010, Indiana Child Support Guideline 3 was amended to specifically address the subject of SSD payments. In relevant part, it affirmed the Supreme Court's determination in *Brown* that SSD payments to a child may be credited against a noncustodial parent's child support obligation. *See* Child Supp. G. 3(G)(5)(a)(2)(ii). On the other hand, the amended Guideline 3 effectively overruled *Brown*'s holding that lump-sum SSD payments could not be applied retroactively to arrearages accumulated prior to the filing of a petition for modification. With regard to arrearages and SSD payments, Comment 3(G) provides, in relevant part: "A lump sum payment of retroactive Social Security Disability benefits shall be applied as a credit against an existing child support arrearage if the custodial parent, as representative payee, received a lump sum retroactive payment, without the requirement of a filing of a Petition to Modify Child Support." Child Supp. G. 3(G)(5)(b)(1). The Commentary to Guideline 3 clarifies that "[t]he Guidelines now allow the courts to apply the lump sum SSD benefits toward an existing child support arrearage if the custodial parent, as representative payee, receives a lump sum payment. This credit is appropriate without the requirement of a filing of a Petition to Modify Child Support."
>
> Read in conjunction with *Brown* and Child Supp. G. 3(G)(5)(b)(4),[1] this commentary clearly indicates that lump-sum SSD payments to a custodial parent on behalf of the child may be applied against a support arrearage that predated the filing of a petition to modify support.

955 N.E.2d at 238. Thus, the trial court did not abuse its discretion by crediting the lump-sum SSD benefit payment to Father's child support arrearage. Further, the Agreed Order provided that Father owed no current child support as long as the younger child continued to receive monthly SSD benefit payments.

---

[1] This provision states: "The award of Social Security Disability benefits retroactive to a specific date does not modify a noncustodial parent's child support obligation to the same date. The noncustodial parent's duty to pay support cannot be retroactively modified earlier than the filing date of a petition to modify child support."

Mother also asserts that the trial court abused its discretion by failing to award her interest for the period of October 2004, when Father stopped making direct payments of $50.00 to the Hamilton County Clerk's Office toward the arrearage, through September 2008, when Mother began receiving annuity payments from the plan administrator. The Agreed Order provided that "interest would not accrue on the Judgment amount so long as Father continues to pay his regular monthly arrearage[.]" *Appellant's Appendix* at 10. The Agreed Order required Father to make payments of $50 per month toward the arrearage. Father was not required to make current child support payments as long as the younger child continued to receive her SSD benefit payments.

Mother argued that the Agreed Order required Father to make a direct payment of $50 each month to the Hamilton County Clerk's Office toward the arrearage in order to avoid the accrual of interest. Father argued that Mother was receiving more than the amount of the arrearage payment in SSD benefits, and that the overage, which varied, met and exceeded his obligation toward reduction of the arrearage. The trial court found that each of the interpretations offered by the parties was plausible, but that the practice of the parties supported the Father's position. Mother did not pursue her claim for interest until Father filed the petition that is the subject of this appeal. It was reasonable for the trial court to infer that Mother was aware that the SSD benefit payments were satisfying Father's current child support and child support arrearage obligations. We find no abuse of discretion here.

Mother contends that the trial court erred by finding and concluding that Father had already satisfied the judgment entered against him for the child support arrearage. In particular, the trial court gave Father credit for future annuity payments he had assigned to

6

Mother. As of the date of the hearing, Mother had collected $3,476.88 in annuity payments and Mother would receive an additional $21,809.52 in future annuity payments. The trial court misspoke when indicating that the judgment against Father had been "paid in full" when including those future payments in its calculation. Perhaps a more precise assessment of the evidence was that legally binding arrangements have been made to provide for the satisfaction of the judgment in the future. The reality is the judgment will be satisfied by arrangements already set in place.

Additionally, the trial court's statement may have been directed at another anomaly resulting from the terms of the Agreed Order. Father's driver's license was suspended due to peculiarities of the tracking system used by the Title IV-D prosecuting attorney as applied to this situation. The annuity payments were not being credited against the arrearage, which resulted in an inaccurate report of the amount collected on the arrearage. The Title IV-D prosecuting attorney participated in the hearing in order to later adjust the tracking system to reflect the trial court's determination of the amount of the arrearage remaining, if any. The annuity payments were not paid through the Hamilton County Clerk, but were administered and paid to Mother directly. Thus, upon finding that no interest would be imposed on the arrearage, and legally binding arrangements had been set in place through future annuity payments to completely satisfy the arrearage in the future, no arrearage amount need be reflected in the tracking system. In that sense, the arrearage obligation for purposes of the computer tracking system, had been satisfied. To the extent the trial court's misstatement could be considered inaccurate, such inaccuracy is not prejudicial to Mother, because the

7

payment of the money to which she is entitled has been provided for via Father's assignment to her by court order.

Mother also argues that the trial court erred by finding that James did not owe $38 per week in child support for the younger child from July 1, 2008, when SSD benefit payments ceased to be paid, through July 27, 2010, the date of the younger child's emancipation. The evidence reflects that Father told the younger child that upon reaching the age of eighteen, he believed she would continue to be entitled to SSD benefit payments if she was a full-time student, but that she would have to pursue the benefits herself. The younger child was a full-time student, but she did not inquire about whether she qualified for continued benefits.

The trial court found that the younger child's failure to continue to receive SSD benefit payments after she reached eighteen years of age was not attributable to Father. The Agreed Order was silent on the issue of Father's child support obligation once the child reached the age of eighteen and had graduated from high school. The trial court concluded that because Mother had not raised this issue in a pleading before the trial court, but had argued the matter for the first time during the hearing, Father was unprepared to respond to the argument, and the trial court declined to address the claim. The trial court stated that if the claim were to be litigated, the claim was not a strong one because it was pursued at such a late stage in the proceedings. Once the younger child stopped receiving benefits, it was incumbent upon Mother to help her seek a determination if she qualified for continued SSD benefit payments, or to proceed against Father for the failure to pay the $38 weekly child support to which she believed she was entitled. We find that under the circumstances of this case, the trial did not abuse its discretion.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.