

FILED

Jul 30 2020, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Thomas M. Frohman
Nicholas J. Minaudo
Indiana Legal Services
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
VIGO COUNTY CHILD SUPPORT
BUREAU

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason L. Hill,<br>*Appellant-Defendant,*<br><br>v.<br><br>Jessica L. Cox,<br>*Appellee-Petitioner,*<br><br>and<br><br>Vigo County Child Support<br>Office,<br><br>*Appellee-Intervenor* | July 30, 2020<br><br>Court of Appeals Case No.<br>19A-DR-2701<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Honorable Lakshmi Reddy,<br>Judge<br><br>Trial Court Cause No.<br>84D02-0201-DR-14 |

**May, Judge.**

[1] Jason L. Hill ("Father") appeals the trial court's ruling on his motion to correct error. Father argues the court erred by not crediting monies his daughter S.H. ("Daughter") received in connection with his receipt of social security disability benefits toward his obligation for Daughter's uninsured medical expenses. We reverse and remand with instructions.

## Facts and Procedural History

[2] Father and Jessica L. Cox ("Mother") divorced in 2002. Daughter was born of the marriage in February 2001. The court ordered Father to pay child support as part of the dissolution decree, but Father was inconsistent in making such payments and began accruing an arrearage. On October 31, 2014, the trial court issued an order modifying Father's child support obligation to forty-five dollars a week.

[3] Father applied for social security disability benefits in December 2015. On February 27, 2018, the Social Security Administration ("SSA") determined that Father was disabled. The SSA then paid Father a lump sum amount representing the benefits he was entitled to receive while his disability application was pending, and the SSA also paid a portion of this lump sum payment to Daughter through Mother as Daughter's representative payee. Daughter received a lump sum of $14,306.00 on May 14, 2018. Thereafter, the SSA also made monthly payments to Daughter until Daughter turned eighteen in February 2019. For the remaining seven months of 2018, the SSA paid

Daughter $502.00 a month. For the first two months of 2019, the SSA paid Daughter $512.00 a month.

[4] As of May 14, 2018, Father had accumulated an arrearage of $9,225.00 in back support. At that time, Father also owed $3,174.37 for uninsured medical expenses that Daughter incurred in 2015. In 2018, Daughter had two hip surgeries that resulted in Father incurring responsibility for an additional $1,904.76 of medical debt.

[5] On July 2, 2019, Father filed a petition to reduce his child support obligation and to reduce his arrearage by the dependent benefits Daughter received from the SSA. The court held a hearing on Father's petition on August 27, 2019. At the time of the hearing, Daughter was a high school student with an expected graduation date in May 2020. The Vigo County Prosecuting Attorney represented the State at the hearing.[1] At the hearing, Father argued a medical support obligation is part of a child support obligation, such that the money Daughter received from SSA should be credited toward the amount he owed for back support and for Daughter's uninsured medical expenses. Consequently, Father argued, he had more than satisfied his child support arrearage and both existing medical expense obligations.

---

[1] Indiana law requires the Child Support Bureau of the Indiana Department of Child Services to "contract with: (1) a prosecuting attorney . . . in each judicial circuit to undertake activities required to be performed under Title IV-D of the federal Social Security Act (42 U.S.C. 651), including . . . establishment, enforcement, and modification of child support orders[.]" Ind. Code § 31-25-4-13.1.

[6] On October 3, 2019, the trial court issued an order determining that Daughter's receipt of the $14,306.00 lump sum disability payment on May 14, 2018, eliminated Father's back-support arrearage of $9,225.00 and resulted in Father overpaying his back-child-support obligation by $5,081.00. The trial court concluded that overpayment covered the $3,174.37 in uninsured medical expenses that Daughter incurred in 2015, and the court determined the remaining $1,906.63 from the lump-sum payment constituted a gift from Father to Daughter.

[7] Next, the trial court determined the monthly disability payments Daughter received for seven months in 2018 and two months in 2019 resulted in a $2,660.00 overpayment of child support. The trial court determined that it retained discretion regarding whether to credit that overpayment toward the $1,904.76 in medical debt resulting from Daughter's 2018 hip surgeries, and the trial court chose not to credit this overpayment toward that medical debt. The trial court reasoned that its order was "rather generous to Father whose child support obligation had only been $45/week and it costs much more than $45/week to financially support a child which means that Mother was covering the extra expense plus the child support [amount] that Father failed to pay for years." (Appellant's App. Vol. II at 34.)

[8] Father filed a motion to correct error, arguing in part that the trial court erred in refusing to allocate his monthly overpayments toward the $1,904.76 medical debt. The trial court issued an order on October 22, 2019, denying that portion of Father's motion.

# Discussion and Decision

[9] We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id*. However, we apply a *de novo* standard of review when the issue presented for review is a pure question of law. *Id*.

[10] At issue in this appeal is the trial court's treatment of both the lump sum payment Daughter received in May 2018 and the nine monthly payments Daughter received between the lump sum payment and her 18th birthday in February of 2019. As a different part of Indiana Child Support Guideline 3(G)(5)(b), which addresses the payment of "Arrearages" from Social Security Disability payments, applies to each of those forms of payment, we analyze the forms of payment separately.

[11] First, as to the lump sum payment, both Father and the State[2] argue that remand is necessary in light of Indiana Child Support Guideline 3(G)(5)(b)(1), which states:

> 1. Credit for retroactive lump sum payment. A lump sum payment of retroactive Social Security Disability benefits shall be

---

[2] Mother proceeded *pro se* in front of the trial court, and she has not filed an appellate brief.

applied as a credit against an existing child support arrearage if the custodial parent, as representative payee, received a lump sum retroactive payment, without the requirement of a filing of a Petition to Modify Child Support. However, no credit should be allowed under the following circumstances:

> i. A custodial parent should never be required to pay restitution to a disabled noncustodial parent for lump sum retroactive Social Security Disability benefits which exceed the amount of "court-ordered" child support. Any portion of lump sum payments of retroactive Social Security Disability benefits paid to children not credited against the existing child support arrearage is properly treated as a gratuity to the children. No credit toward future support should be granted.

> ii. No credit shall be given for a lump sum disability payment paid directly to a child who is over the age of eighteen (18). The dependency benefits paid directly to a child who has reached the age of majority under the Social Security law, rather than to the custodial parent, as representative payee, do not fulfill the obligations of court-ordered child support.

[12] Father and the State agree that Father's unpaid medical debt as of the date of the lump sum payment, May 14, 2018, should be considered part of Father's then-existing child support arrearage. *See* Ind. Code § 31-9-2-125 (defining "support order" as "any judgment, decree, or order of child support, including medical support[.]"); *and see* Ind. Code § 31-16-6-4(a) ("A child support order must require either parent or both parents to provide medical support for the child through health insurance coverage if the health insurance coverage is

available to the parent at a reasonable cost.")[3] We agree that Father's $3,174.37 arrearage on Daughter's medical expenses from 2015 is a child support arrearage. Because this arrearage existed at the time Daughter received the lump sum payment in May 2018, the trial court correctly applied the excess from the lump sum payment as a credit against Father's $3,174.37 arrearage on Daughter's medical expenses from 2015. *See* Ind. Child Support Guideline 3(G)(5)(b)(1) ("A lump sum payment of retroactive Social Security Disability benefits ***shall*** be applied as a credit against an existing child support arrearage . . .") (emphasis added).

[13]   However, the trial court refused to consider whether to apply the remaining surplus of $1,906.63 from the lump sum payment as a credit against the medical expenses for Daughter's two hip surgeries in 2018. The trial court did not determine whether any of those surgical expenses were incurred before May 14, 2018, such that they would have been "an existing child support arrearage" to which the lump sum payment "shall be applied." *See id*. If any of those expenses accrued before of the lump sum payment, then the $1,906.63 overpayment must be credited toward payment of that "existing child support arrearage." *See id*. Accordingly, we reverse the trial court's declaration that the $1,906.63 surplus from the lump sum payment was a gift from Father to Daughter, and we remand for the trial court to determine when in 2018

---

[3] Additionally, the law governing each state's eligibility to receive federal child welfare grants requires states to have in effect laws that provide for the children of divorce to receive medical support. 42 U.S.C. § 666(a)(19).

Daughter incurred medical expenses and to apply the surplus as a credit toward any medical expenses that existed as of May 14, 2018. *See Ashworth v. Ehrgott*, 934 N.E.2d 152, 162 (Ind. Ct. App. 2010) (remanding with instructions to credit father for children's health insurance premium). If none of Daughter's uninsured medical expenses in 2018 accrued before May 14, then the $1,906.63 surplus may again be denominated a gift from Father to Daughter. If only some of those expenses in 2018 accrued before May 14, then after those expenses are paid from the lump sum, any remaining money is a gift from Father to Daughter.

[14] Next, we must determine whether the nine monthly overpayments of support that occurred from June 2018 to February 2019 can be applied to any of Daughter's uninsured medical expenses that accrued in 2018 after May 14. The trial court declined to apply any of these monthly overpayments against the medical expenses that accrued for the two hip surgeries in 2018.

[15] The State argues the trial court had discretion to not apply the excess monthly child support paid against the unpaid medical expenses arrearage because, unlike Child Support Guideline 3(G)(5)(b)(1), which says the court "shall" apply excess lump sum benefits against an arrearage, Child Support Guideline 3(G)(5)(b)(2) provides the court "may" do so: "Application of current Social Security Disability benefits. The amount of the benefit which exceeds the child support order **may** be treated as an ongoing credit toward an existing arrearage." Child Supp. G. 3(G)(5)(b)(2) (emphasis added).

[16] However, the Commentary to Guideline 3G states: "The language in Guideline 3.G.5.b.2 directs that the excess SSD benefit may be applied as payment toward an existing arrearage. Once the arrearage is satisfied, any portion of the SSD benefit that exceeds the current support obligation is considered a gratuity." Accordingly, while the Guideline uses the term "may," the Commentary by the drafters of the Guideline indicate that any current benefit in excess of the current support obligation is a gratuity only after "the arrearage is satisfied[.]" Commentary to Guideline 3(G).

[17] Moreover, in *Anderson v. Anderson*, a father became disabled and began receiving social security disability benefits. 955 N.E.2d 236, 237 (Ind. Ct. App. 2011). The couple's daughter received benefits from her father's account, both in the form of a lump sum and monthly payments. *Id*. The father filed a motion to modify his child support obligation, seeking to have the disability benefits paid to his daughter credited toward his child support arrearage. *Id*. We held that both the benefits the daughter received in the form of a lump sum payment and in the form of monthly payments should be credited toward the father's arrearage. *Id*. at 241. We explained, "just as with lump-sum payments, applying periodic payments to an accumulated arrearage 'is merely a method of payment applied to a past support obligation not paid.'" *Id*. (quoting *Brown v. Brown*, 849 N.E.2d 610, 614 (Ind. 2006)). In addition, we concluded "there is no principled reason to treat periodic SSD benefit payments to a child differently than lump-sum SSD benefit payments, i.e., it 'shall be applied as a

credit to an existing child support arrearage' without the need to file a petition for modification." *Id.* (quoting *Brown*, 849 N.E.2d at 614).

[18] Therefore, to the extent Father overpaid his monthly child support obligation after Daughter incurred medical debt in 2018, that overpayment must be credited toward any medical debt that existed on the date of the overpayment. *See id*. An overpayment can be considered a gift to Daughter only if the overpayment: (1) preceded Daughter incurring medical debt; or (2) came after all medical debt arrearage had been paid. However, as we noted earlier, the trial court did not determine, and the parties have not directed us to evidence of, when in 2018 Daughter accrued these uninsured medical expenses for hip surgeries.

[19] To the extent Father made the overpayments after any portion of the medical debt accrued, the overpayments should be credited towards the medical debt. *See Anderson*, 955 N.E.2d at 241. Therefore, we remand with instructions for the trial court to determine the amount of Father's overpayment, whether in the form of a lump sum payment or monthly payments, made after Daughter accrued the medical debts in 2018 and to apportion that overpayment toward Father's responsibility for the debt. At a minimum, any overpayment from the two payments Daughter received in 2019, before she turned eighteen, should be credited toward the unpaid medical debt. *See Fritts v. Fritts*, 28 N.E.3d 258, 267 (Ind. Ct. App. 2015) (remanding for trial court to correct arrearage calculation), *reh'g denied*.

# Conclusion

The trial court erred by not first determining when in 2018 Daughter incurred medical debts related to her two hip surgeries. Father's responsibility for that medical debt made up a part of Father's child support arrearage as of the dates when Daughter accrued the debts. Consequently, any overpayment of Father's child support obligation that occurred after Daughter incurred the 2018 medical debt should be credited toward Father's obligation for the medical debt. Therefore, we remand this matter to the trial court for further factfinding and a new final order that is consistent with the law discussed herein.

Reversed and remanded with instructions.

Robb, J., and Vaidik, J., concur.