



FILED

Sep 19 2024, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Brian A. Batta,

*Appellant*

v.

Christina S. Batta,

*Appellee*

---

September 19, 2024

Court of Appeals Case No.
24A-DR-192

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No.
79D01-1212-DR-231

**Brown, Judge.**

[1] Brian A. Batta ("Father") claims the trial court erred in determining the amount of his child support arrearage. We reverse and remand.

**Facts and Procedural History**

[2] In December 2012, Christina S. Batta ("Mother") filed a petition for dissolution of marriage. In January 2013, the court issued provisional orders that Mother have primary physical custody of the parties' two minor children and that Father pay weekly child support of $297. On August 1, 2014, the court issued a decree of dissolution providing that the marriage was dissolved and that the court took all remaining issues under advisement. On September 2, 2015, Father filed a petition to modify his child support obligation stating that he did not have any income and had applied for disability.

[3] On May 12, 2021, the court issued a "Supplemental Decree." Appellant's Appendix Volume II at 49. The Supplemental Decree addressed custody, parenting time, and the division of marital property. With respect to Father's child support obligation, the Supplemental Decree provided:

> [Father] shall pay [Mother] child support for the benefit of the children in the amount of $287.05 effective August 1, 2014. [Father] is on temporary disability with earnings of less than his regular pay. Though [Father] seeks to modify his support as a result thereof, this

is but temporary disability and accordingly child support will remain at the full amount. However, [Father] shall be obligated to pay only $176 effective April 7, 2014 through the end of August, 2014 at which time he advises the Court he will return to work.

*Id*. at 50. The Supplemental Decree stated: "SO ORDERED this 12th day of May, 2021 *nunc pro tunc to the 1st day of August, 2014*." *Id*. at 53.

[4] On May 13, 2021, the court held a hearing at which Mother introduced and the court admitted an exhibit containing a calculation of Father's child support arrearage. Mother indicated that she believed that Father had an approximate arrearage of $52,341.39. Father indicated that he applied for Social Security Disability ("SSD") three times and that his third application was pending. On May 14, 2021, Mother filed a document titled "Stipulated Child Support Arrearage Due and Owing by [Father] to [Mother]." *Id*. at 55. The filing, signed by Mother's counsel, stated: "The undersigned reports to the Court that counsel for [Father] and counsel for [Mother] stipulate and agree that [Father] has a child support arrearage due and owing to [Mother] as of May 12, 2021 in the amount of $54,846.14, as borne out by Exhibit 1 that is attached hereto and incorporated herein by reference." *Id*. On May 20, 2021, the court entered an order providing that Father's child support arrearage was $54,846.14 as of May 12, 2021.

[5] On July 20, 2021, Father filed a five-page letter with the court stating "I went in front of you shortly after I filed the change in child support the day after I got fired," "I . . . explained I was filing for disability," and "[y]ou told me that we

would deal with it after I get my disability because she would get back child support from the government."[1] *Id.* at 48. On November 18, 2022, the court issued an order stating the parties appeared in person and by counsel and providing: "Disability information is to be shared with counsel as to when it began, how far back and benefit as it relates to the children." *Id.* at 58. On December 5, 2022, Father filed a "Motion to Set Aside Order of May 20, 2021 Adjudicating Child Support Arrearage" alleging that, "[i]n his July 20, 2021 filing, [he] informed the Court he had filed for disability," "[h]e was told that the child support modification would be addressed after the disability determination on March 5, 2022," and he "was awarded disability retroactive to September of 2020." *Id.* at 63.

[6] On February 27, 2023, Father filed "[Father's] Third Petition to Modify Child Support" stating he "has a determination of disability retroactive to March of 2020." *Id.* at 73. On March 2, 2023, the court issued an order providing that the parties reached an agreement as to the modification of child support "pending the resolution of Social Security Benefits for the children," the court accepted "the Temporary Child Support Obligation in the amount of $94.00 per week commencing March 3, 2023," and "[a]ll issues as to the child support obligation, disability, and Child Support Arrearage shall remain open to be argued at a future date." *Id.* at 75. The order also provided that, "[u]pon

---

[1] The letter did not mention Mother's May 14, 2021 filing or the court's May 20, 2021 order.

receipt of benefits from Social Security for the Children the . . . temporary child support of $94.00 per week will cease and the Child Support Obligation will then be recalculated." *Id*. at 76.

[7] On November 13, 2023, the court held a hearing. Father introduced and the court admitted a "Notice of Award" issued by the Social Security Administration ("SSA") dated March 5, 2022. Exhibit 1, November 13, 2023 Hearing. The Notice of Award stated "[w]e found that you became disabled . . . on March 24, 2020," and "[t]he first month you are entitled to benefits is September 2020." *Id*. Father testified that his children were receiving social security benefits on his record. Counsel for Mother stated there was no dispute that each child received $523 per month. The court admitted copies of two checks showing lump-sum payments to Mother for the benefit of the children. The amount of each check is $14,148. The parties agreed that Father's current weekly child support obligation should be $127.59 based on a worksheet prepared by Mother's counsel. The court issued an order stating, "[a]s to the issue of [Father's] current child support obligation, the parties agree the amount of $127.59 per week is correct as the current obligation and is being paid by the [sic] directly to [Mother] by [the SSA] via the Father's Disability Claim." Appellant's Appendix Volume II at 78.

[8] On December 22, 2023, the court issued an order which provided:

> At the last evidentiary hearing in this cause the Court advised Counsel it would issue an Order regarding [Father's] Motions to Modify Child Support and Arrearage.

> [Father] argues that the Court has never addressed his prior Motions to Modify. However, the Court looks to its Order of May 20, 2021, in which it "adjudicates arrearages as stipulated by the parties to be in the amount of $54,846.14 owed by [Father] to [Mother] as of May 12, 2021."
>
> The Court further notes that on May 14, 2021, Counsel for [Mother] submitted to the Court a stipulated child support arrearage due and owing and reported that counsel for [Father] and Mother agreed and stipulated to the child support arrearage due and owing.
>
> A review of the exhibit suggests the only manner by which the child support arrearage could be established was to leave the weekly child support amount owed at $287.05 through the date of the Order.
>
> Both the May 14 filing and the Court's subsequent Order were provided to Counsel for [Father]. No attempt to vacate or set aside that Order was timely made.
>
> Accordingly, the Court finds in the absence of allegations of fraud, that the Motions to Modify Support were denied.

*Id*. at 79.

## Discussion

Father asserts he did not agree to the amount of the arrearage entered by the court on May 20, 2021. He cites *Brown v. Brown*, 849 N.E.2d 610 (Ind. 2006), and argues "[t]he Indiana Supreme Court has held that a disabled parent is entitled to have Social Security Disability benefits credited against child support obligations that accumulated after the parent's motion to modify based on the disability." Appellant's Brief at 18. He further argues that "*Brown* requires that the credit applies only to the obligations that arose after a motion to modify support based on the parent's disability" and that, "[s]ince [his] first motion to

modify support due to disability dates back to September 2, 2015, he is entitled to a credit against support that has accumulated since that date." *Id*. at 18-19.

[10] Mother argues that Father waived any challenge to the court's May 20, 2021 order by failing to timely object, appeal, or file a motion to correct error. She argues that his December 5, 2022 motion to set aside the May 20, 2021 order was not filed within one year or within a reasonable time as required by Trial Rule 60(B). She also argues that Father's failure to pursue his September 2015 petition for seven years constitutes a waiver and abandonment of that petition. In reply, Father argues that Mother "fails to acknowledge the impact the pending Social Security Disability Adjudication has on [his] ability to request a retroactive review of the support order." Appellant's Reply Brief at 9. He argues the May 20, 2021 order does not foreclose his entitlement to a credit for SSD benefits paid to Mother.

[11] To the extent Father challenges the trial court's denial of his motion to set aside the May 20, 2021 order, Ind. Trial Rule 60(B) provides that, upon such terms as are just, the court may relieve a party from a judgment for (1) mistake, surprise, or excusable neglect; (2) any ground for a motion to correct error, including newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct error under Rule 59; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) entry of default against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings; (5) except in the case of a divorce decree, the record fails to show that such party

was represented by a guardian or other representative under certain circumstances; (6) the judgment is void; (7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4). Trial Rule 60(B) further provides the motion "shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)" and a movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. The court entered an order on May 20, 2021, setting forth Father's child support arrearage as of May 12, 2021. Father did not file a motion to reconsider or otherwise challenge the calculation upon which the order was based until he filed his motion on December 5, 2022, to set aside the May 20, 2021 order, and the motion did not cite Trial Rule 60(B) or specify a subsection of the rule upon which he sought relief. We conclude under the circumstances that Father's motion to set aside was untimely under Trial Rule 60(B).

[12] While we do not disturb the court's May 20, 2021 order setting forth Father's arrearage as of May 12, 2021, we note that Father is entitled to a credit as set forth in Ind. Child Support Guideline 3.G.5. In *Anderson v. Anderson*, 955 N.E.2d 236 (Ind. Ct. App. 2011), we addressed the Indiana Supreme Court's opinion in *Brown v. Brown*, a subsequent amendment to Ind. Child Support

Guideline 3, and the credit to which a disabled parent is entitled. In *Anderson*, a father became disabled and began receiving social security disability benefits. *Hill v. Cox*, 153 N.E.3d 283, 288 (Ind. Ct. App. 2020) (citing *Anderson*, 955 N.E.2d at 237). The couple's daughter received benefits from her father's account, both in the form of a lump sum and monthly payments. *Id.* (citing *Anderson*, 955 N.E.2d at 237). The father filed a motion to modify his child support obligation, seeking to have the disability benefits paid to his daughter credited toward his child support arrearage. *Id.* (citing *Anderson*, 955 N.E.2d at 237). We held that both the benefits the daughter received in the form of a lump sum payment and in the form of monthly payments should be credited toward the father's arrearage. *Id.* (citing *Anderson*, 955 N.E.2d at 241). Specifically, we held:

> In *Brown,* a parent sought credit for a lump-sum SSD payment against an accumulated child support arrearage and also sought to credit his monthly SSD benefits against his future support obligation. Our Supreme Court denied that request, holding: "lump-sum payments of retroactive Social Security disability benefits to children cannot be credited against child support arrearages that are accumulated before the noncustodial parent has filed a petition to modify based on the disability." [*Brown*, 849 N.E.2d] at 615. Also in *Brown*, the Supreme Court clarified that a disabled parent "with respect to whom Social Security disability benefits are paid to the parent's child is entitled to petition the court for modification of the parent's child support to reflect a credit for the amount of the payments. *The credit takes effect as of the date of the petition.*" *Id.* at 614 (emphasis supplied). Thus, according to *Brown,* SSD payments to a dependent may not be credited against a support arrearage that accumulated before the filing of a modification petition—i.e., they may not be applied retroactively.

Effective January 1, 2010, Indiana Child Support Guideline 3 was amended to specifically address the subject of SSD payments. In relevant part, it affirmed the Supreme Court's determination in *Brown* that SSD payments to a child may be credited against a noncustodial parent's child support obligation. *See* Child Supp. G. 3(G)(5)(a)(2)(ii). On the other hand, the amended Guideline 3 effectively overruled *Brown*'s holding that lump-sum SSD payments could not be applied retroactively to arrearages accumulated prior to the filing of a petition for modification. With regard to arrearages and SSD payments, Comment 3(G) provides, in relevant part: "A lump sum payment of retroactive Social Security Disability benefits shall be applied as a credit against an existing child support arrearage if the custodial parent, as representative payee, received a lump sum retroactive payment, without the requirement of a filing of a Petition to Modify Child Support." Child Supp. G. 3(G)(5)(b)(1). The Commentary to Guideline 3 clarifies that "[t]he Guidelines now allow the courts to apply the lump sum SSD benefits toward an existing child support arrearage if the custodial parent, as representative payee, receives a lump sum payment. This credit is appropriate without the requirement of a filing of a Petition to Modify Child Support."

Read in conjunction with *Brown* and Child Supp. G. 3(G)(5)(b)(4),[2] this commentary clearly indicates that lump-sum SSD payments to a custodial parent on behalf of the child may be applied against a support arrearage that predated the filing of a petition to modify support.

*Anderson*, 955 N.E.2d at 237-238.

---

[2] A footnote here in *Anderson* stated that the provision provided: "The award of Social Security Disability benefits retroactive to a specific date does not modify a noncustodial parent's child support obligation to the same date. The noncustodial parent's duty to pay support cannot be retroactively modified earlier than the filing date of a petition to modify child support." *Anderson*, 955 N.E.2d at 238 n.1.

[13] This Court held that, like payment received in the form of a lump sum, payment received in the form of periodic monthly payments should be credited against the disabled parent's support obligation. *Id*. at 241. We explained that "there is no principled reason to treat periodic SSD benefit payments to a child differently than lump-sum SSD benefit payments, i.e., it 'shall be applied as a credit to an existing child support arrearage' without the need to file a petition for modification." *Id*. (quoting *Brown*, 849 N.E.2d at 614). We held "[t]he trial court is reversed insofar as it denied [the father's] request to apply all of the periodic SSD payments received to date by [the mother] on [the child's] behalf against his existing support arrearage." *Id*.

[14] As we observed in *Anderson*, the "amended Guideline 3 effectively overruled *Brown*'s holding that lump-sum SSD payments could not be applied retroactively to arrearages accumulated prior to the filing of a petition for modification." *Id*. at 238. Indeed, Ind. Child Support Guideline 3.G.5.b.1. is titled "Credit for retroactive lump sum payment" and provides in part:

> A lump sum payment of retroactive Social Security Disability benefits *shall be applied as a credit against an existing child support arrearage* if the custodial parent, as representative payee, received a lump sum retroactive payment, *without the requirement of a filing of a Petition to Modify Child Support*. . . .

(Emphases added). Further, Ind. Child Support Guideline 3.G.5.b.2. is titled "Application of current Social Security Disability benefits" and provides: "The amount of the benefit which exceeds the child support order may be treated as an ongoing credit toward an existing arrearage."

[15] The trial court entered the amount of Father's arrearage on May 20, 2021, and that calculation was made prior to the SSA's determination that Father was disabled. At the November 13, 2023 hearing, the court admitted the SSA's Notice of Award dated March 5, 2022. The SSA determined that Father became disabled on March 24, 2020. The record reveals that each of the children received lump-sum payments of retroactive SSD benefits and continue to receive periodic SSD benefit payments due to Father's disability. In light of *Anderson* and the child support guidelines, we reverse insofar as the trial court denied Father a credit against his existing support arrearage for the lump-sum payments of retroactive SSD benefits and for all of the periodic SSD benefit payments received to date by his children or by Mother on their behalf. We remand for further proceedings and a new order calculating Father's current arrearage.[3] *See Anderson*, 955 N.E.2d at 241 ("reversed insofar as [the trial court] denied [the father's] request to apply all of the periodic SSD payments received to date by [the mother] on [the child's] behalf against his existing support arrearage").

[16] Reversed and remanded with instructions.

May, J., and Pyle, J., concur.

---

[3] We note that the parties agreed at the November 13, 2023 hearing that Father's current weekly support obligation is $127.59, and Father does not argue that this amount was incorrectly calculated.

ATTORNEYS FOR APPELLANT

Christine A. DeSanctis
DeSanctis Law, LLC
Lafayette, Indiana

Cynthia Phillips Smith
Law Office of Cynthia P. Smith
Lafayette, Indiana


ATTORNEY FOR APPELLEE

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana